United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNA ZBITNOFF,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,
SAGE POINT LENDER SERVICES,
and DOES 1 through 20, inclusive,

    Defendants.

No. C 15-01241 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this wrongful-foreclosure dispute, defendants move to dismiss plaintiff's complaint and also request judicial notice of other court documents. For the reasons stated herein, defendants' motion to dismiss is **GRANTED**. Defendants' request for judicial notice is **GRANTED.**

## STATEMENT

This is the second case *pro se* plaintiff Anna Zbitnoff has filed challenging the foreclosure of her house. The first case (No. 13-05221) was dismissed by the undersigned judge because plaintiff failed to state a cognizable claim after being given several chances to amend her complaint.

Now, plaintiff has filed a new case against the same defendants, again challenging the foreclosure of her home. The details are as follows:

Anna Zbitnoff executed a promissory note in 2005, secured by a deed of trust, to obtain a home loan from Lehman Brothers Bank, FSB. Defendant Nationstar Mortgage, LLC was substituted as the beneficiary under the deed of trust in April 2013, and Sage Point Lender Services, LLC was substituted in as trustee in June 2013. Nationstar then recorded a notice of default in June 2013, and later recorded a notice of trustee's sale in September 2013.

In October 2013, plaintiff sued Nationstar in the Superior Court of California for the County of Mendocino. Plaintiff challenged the foreclosure process on the grounds that Nationstar allegedly violated various provisions of the Homeowner Bill of Rights, and failed to provide her with a loan modification. Plaintiff also contended that Nationstar allegedly misrepresented certain matters relating to escrowing her delinquent tax and property insurance payments.

Defendants then removed that case to federal court based on diversity of citizenship. Plaintiff's claims for relief in the earlier suit were similar in nature to the claims in the present complaint. Plaintiff's original claims included: (1) request for declaratory judgment, (2) rescission, mistake, void agreement, (3) fraud, (4) fraudulent concealment, (5) intentional misrepresentation, (6) negligent misrepresentation, (7) invasion of constitutional right to privacy, (8) injunctive relief for violation of California Civil Code Section 2923.5, (9) wrongful foreclosure: violation of California Civil Code Section 2924, and (10) consumer injury (Case No. 13-05221, Dkt. No. 35). An order granted Nationstar's motion to dismiss all of those claims.

Plaintiff then made two motions for leave to amend the complaint. Both were considered and ultimately denied. Judgment was entered against plaintiff in May 2014 (Case 13-05221, Dkt. No. 53).

Now, plaintiff has filed a new lawsuit that asserts ten claims challenging the same foreclosure process on the same loan and parcel. The claims are as follows: (1) violation of Section 2923.5 of the California Civil Code, (2) violation of Section 2923.6 of the California Civil Code, (3) violation of Section 2923.7 of the California Civil Code, (4) fraud and intentional misrepresentation of fact, (5) negligent misrepresentation of fact, (6) negligent infliction of

1  emotional distress, (7) breach of written contract, (8) wrongful foreclosure, (9) unfair business
2  practices, and (10) quiet title (Case 15-01241, Dkt. No. 1).

3  Defendants move to dismiss these new claims for the following reasons: (1) the complaint
4  is barred by *res judicata*, (2) lack of subject-matter jurisdiction, and (3) plaintiff fails to properly
5  state her claims under Rule 8.

6  This order follows full briefing and oral argument.

## ANALYSIS

### 1. MOTION TO DISMISS

"'*Res Judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 1997) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 137 (1979).

"Dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which *res judicata* applies." *Stewart v. U.S. Bancorp*, 297 F. 3d at 953, 957 (9th Cir. 2002). "Denial of leave to amend due to failure to state a claim also operates as *res judicata* in a subsequent action." *Macahilas v. Galloway*, 473 F. App'x 640, 641 (9th Cir. 2012).

As stated above, plaintiff's original claims included: (1) request for declaratory judgment, (2) rescission, mistake, void agreement, (3) fraud, (4) fraudulent concealment, (5) intentional misrepresentation, (6) negligent misrepresentation, (7) invasion of constitutional right to privacy, (8) injunctive relief for violation of California Civil Code Section 2923.5, (9) wrongful foreclosure: violation of California Civil Code Section 2924, and (10) consumer injury (Case No. 13-05221, Dkt. No. 35).

Plaintiff asserts ten claims in the present complaint: (1) violation of Section 2923.5 of the California Civil Code, (2) violation of Section 2923.6 of the California Civil Code, (3) violation of Section 2923.7 of the California Civil Code, (4) fraud and intentional misrepresentation of fact,

3

(5) negligent misrepresentation of fact, (6) negligent infliction of emotional distress, (7) breach of written contract, (8) wrongful foreclosure, (9) unfair business practices, and (10) quiet title (Case No. 15-01241, Dkt. No. 1).

While the new claims are refined, "they clearly arise from the same transactional nucleus of facts" as the original claims. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982). The quiet title claim is reminiscent of the declaratory judgment claim. These claims are also intertwined with the fraud claims. Moreover, the fraud and misrepresentation of fact allegations are identical. The claim for declaratory judgment is based on the same facts available when the first complaint was amended, as is the claim of recision, mistake, or void agreement. The fraudulent concealment claim is similar in nature to the negligent misrepresentation of fact. Similarly, the violations of the California Civil Code are only expanded upon and slightly modified, but still not distinguishable from the original complaint. The invasion of constitutional right to privacy does not even appear in the new complaint. The only new claim is the negligent infliction of emotional distress, but this claim could have been brought in the first complaint. The information needed to state this claim was available at the time of the first complaint.

The allegations set forth in the current claim were previously litigated and are now being re-asserted. Even the new or allegedly different claims in the present complaint are rooted and intertwined with the original assertions. Plaintiff is seeking recovery for the same alleged wrongful foreclosure. The previous action was adjudicated and resulted in a judgment against the plaintiff. Plaintiff's attempt to amend her complaint was denied after two opportunities to do so. The new claims as well as the repeated claims are therefore barred by *res judicata*.

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini*, 681 F.2d at 1202). The alleged breach of contract and fraud claims were previously adjudicated.

Plaintiff's counter arguments to the application of the *res judicata* doctrine fail. Plaintiff contends that the original complaint was never properly completed. For this reason, plaintiff argues that the claims are in fact new claims. Not so. This lawsuit challenges the very same

4

transaction as the earlier one. When those claims were dismissed, she could have appealed. Not having done so, she accepted the judgment. She cannot now go around that judgment with a new lawsuit raising the same claims or even new theories directed at the same transaction. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

Plaintiff did not state a proper claim under the original complaint nor any of the subsequent proposed amended complaints. Defendants are correct in arguing that all theories asserted in the present action could have been asserted in the previous action. The new claims stem from the same theories as the original claims. Plaintiff attempts to attack the foreclosure proceedings, seeking the same remedies as when previously litigated.

At oral argument, an issue was raised as to whether there was federal jurisdiction in the original 2013 case (No. 13-05221). A review of the 2013 case docket showed that Sage Point Lender Services was *not* a defendant in that case when defendants removed it from state court and thus jurisdiction was proper. The only mention of Sage Point Lender Services was in a letter appended as an exhibit to a proposed amended complaint. Plaintiff did not receive leave to file that amended complaint. Therefore, this order finds that there was appropriate federal jurisdiction in the prior case and *res judicata* still applies to the current claims.

### 2. JUDICIAL NOTICE

Under FRE 201, a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned. Here, defendant Nationstar has provided proper documentation covering the facts of the former case through an offering of Exhibits A–K. Nationstar requests judicial notice of Exhibits A–K including, (a) deed of trust, (b) the first amended complaint, (c) the proposed amended complaint, (d) notice of default, (e) notice of trustee's sale, (f) trustee's deed upon sale, (g) the November 2013 complaint, (h) the order granting the motion to dismiss, (I) the March 2014 order, (j) the May 2014 order, and (k) the May 2014 judgment (Req. for Judicial Notice 1–2, Dkt. No. 25). The documents are matters of public record and the proper subject of judicial

1  notice.  Plaintiff makes no clear objection to these documents.  The request for judicial notice is
2  **GRANTED**.

### CONCLUSION

Defendants' request for judicial notice of Exhibits A–K is **GRANTED**.  To the extent stated above, the motion to dismiss is **GRANTED**.  Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated:  September 18, 2015. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6